UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAJIA AYOBI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROMERO,<br><br>　　　　Defendant. | Case No. 1:19-cv-00964-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND REQUEST FOR EXTENSION OF TIME, WITHOUT PREJUDICE<br><br>(ECF Nos. 24, 25) |

　　　　Plaintiff Shajia Ayobi is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Currently before the Court is Plaintiff's motion for appointment of counsel and request for an extension of time, filed October 8, 2020.  (ECF Nos. 24, 25.)

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether

1  "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [her] claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Plaintiff contends that she is at a disadvantage in litigating this case because English is not her native language.  However, it appears that plaintiff has adequate understanding of English and "the court does not have the resources to appoint counsel for every prisoner with limited English language and reading skills who files a civil rights action." Nguyen v. Bartos, No. 2:10-cv-1461 WBS KJN P, 2012 WL 3589797, at *2 (E.D. Cal. Aug. 20, 2012); see Montano v. Solomon, No. 2:07-CV-0800 KJN P, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010) (The Court denied the appointment of counsel to an indigent plaintiff unable to read and write English.); Rios v. Tilton, No. 2:07-CV-0790 WBS KJN P, 2010 WL 3784703, at *9 (E.D. Cal. Sept. 24, 2010) (The Court held that plaintiff, a state prisoner, claiming to be "disadvantaged in legal training and resources, because English is [her] second language" did not face any challenges "dissimilar to those faced by most prisoners pursuing civil rights actions."). Furthermore, even if it assumed that plaintiff is not well versed in the law and that she has made serious allegations which, if proved, would entitle him to relief, her case is not exceptional.  The Court is faced with similar cases almost daily.  While the Court recognizes that Plaintiff is at a disadvantage due to her pro se status and her incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.")  The test is whether exception circumstances exist and here, they do not.  At this point in the litigation, the Court is cannot find that Plaintiff is likely to succeed on the merits.  Accordingly, Plaintiff's motion for the appointment of counsel is denied, without prejudice.

With regard to Plaintiff's request for an extension of time, it is unclear what the extension is for.  The only pending deadline is the dispositive motion deadline set for October 19, 2020.  However, Plaintiff does not indicate that she intends to file a dispositive motion nor does she demonstrate good

cause to extend the time to do so.  Accordingly, Plaintiff's motion for an extension of time shall be denied, without prejudice.

Accordingly, Plaintiff's motion for appointment of counsel and request for an extension of time are denied, without prejudice.

IT IS SO ORDERED.

Dated:   **October 9, 2020**

UNITED STATES MAGISTRATE JUDGE