UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAJIA AYOBI,<br><br>        Plaintiff,<br><br>   v.<br><br>ROMERO,<br><br>        Defendant. | Case No. 1:19-cv-00964-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL, AND GRANTING REQUEST FOR EXTENSION OF TIME<br><br>(ECF Nos. 28, 29) |

   Plaintiff Shajia Ayobi is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

   Currently before the Court is Plaintiff's motion for appointment of counsel and request for an extension of time to file a dispositive motion, filed October 26, 2020. (ECF Nos. 24, 25.)

   Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

   Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

1

1 "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [her] claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Plaintiff contends that she is at a disadvantage in litigating this case because of her imprisonment and indigency. Even if it assumed that plaintiff is not well versed in the law and that she has made serious allegations which, if proved, would entitle him to relief, her case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to her pro se status and her incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. The test is whether exception circumstances exist and here, they do not. At this point in the litigation, the Court cannot find that Plaintiff is likely to succeed on the merits, and Defendant has filed a motion for summary judgment on the merits. Accordingly, Plaintiff's motion for the appointment of counsel is denied, without prejudice.

On October 26, 2020, Plaintiff filed objections to the Court's October 9, 2020 order denying her request for an extension of time without prejudice. (ECF No. 28.) The Court construes Plaintiff's objections as a motion for an extension of the dipositive motion deadline. On the basis of good cause, the Court will grant Plaintiff thirty (30) days from the date of service of this order to file a dispositive motion and/or opposition to Defendant's motion for summary judgment, which was filed on October 15, 2020.

///
///
///
///

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second motion for appointment of counsel is denied, without prejudice; and
2. Plaintiff is granted **thirty (30)** days from the date of service of this order to file a dispositive motion and/or opposition to Defendant's pending motion for summary judgment.

IT IS SO ORDERED.

Dated: __**October 27, 2020**__

UNITED STATES MAGISTRATE JUDGE